UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHELE D. BURKE,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | )   Case No. 21-CV-0404-CVE-JFJ |
| **CITY OF TULSA, A Municipal Corporation, et al.,** | ) ) ) ) ) |
| **Defendants.** | ) |

## ORDER OF DISMISSAL

Before the Court are plaintiff's response to the Court's order to show cause (Dkt. # 71), certain defendants' motions to dismiss (Dkt. ## 6, 26, 28, 31, 34, 36, 38, 40, 43, 47, 51, 55), defendant City of Tulsa's motion to strike (Dkt. # 68), defendant Eide Bailly LLP's motion for ruling (Dkt. # 69), and plaintiff's motion for writ of assistance, permanent injunction, cease & desist (Dkt. # 32). On September 20, 2021, plaintiff Michelle D. Burke filed a complaint naming 59 defendants.[1] Dkt. # 1. Plaintiff alleges numerous violations, including civil rights violations under 42 U.S.C. § 1983. Id. at 4-10. To date, twenty four defendants have entered appearances and filed motions to dismiss (Dkt. ## 6, 26, 28, 31, 34, 36, 38, 40, 43, 47, 51, 55). It does not appear that the remaining defendants have been served, and plaintiff's ninety-day deadline to serve the remaining defendants has long since expired. See Fed. R. Civ. P. 4(m). Moreover, plaintiff has not filed a response to any of the motions to dismiss in this case; the twenty-one day response deadline has passed as to each

---

[1] The Court notes that plaintiff named 58 defendants in her original complaint (Dkt. # 1); however, plaintiff named a 59th defendant in a December 20, 2021 summons form (Dkt. # 15, at 1).

motion to dismiss filed of record; and plaintiff has not requested an extension to any of the response deadlines.  See LCvR7-1(e).

On February 18, 2022, the Court directed plaintiff to show cause, no later than March 4, 2022, as to why she has not responded to certain defendants' motions to dismiss and why she has not served the remaining defendants.  Dkt. # 70, at 2.  In its February 18, 2022 order, the Court advised plaintiff "that failure to respond to this order to show cause will result in the dismissal of this case."  Id.  On March 4, 2022, plaintiff filed a document titled "Answer to Request to Dismiss."  Dkt. # 71.  The Court has reviewed plaintiff's document, and finds that plaintiff did not respond to the order to show cause as to 1) why she has not responded to certain defendants' motions to dismiss; and 2) why she has not served the remaining defendants, which she was explicitly directed to do, see Dkt. # 70, at 2.  Moreover, the Court provided plaintiff with notice that failure to respond to the order to show cause will result in dismissal of plaintiff's case for failure to prosecute.  See S.E.C. v. Power Res. Corp., 495 F.2d 297, 298 (10th Cir. 1974) ("A trial court may, on motion of a defendant or on its own motion, dismiss an action for failure of the plaintiff to prosecute it with reasonable diligence.  Such a dismissal is within the trial court's sound discretion and should be sustained absent an abuse of that discretion.  There is no precise rule as to what circumstances justify a dismissal for failure to prosecute. " (internal citations omitted)).  Therefore, the Court finds that plaintiff's claims as to all defendants should be dismissed for failure to prosecute because plaintiff's response (Dkt. # 71) does not address the Court's specific directive to show cause as to plaintiff's failure to respond to certain defendants' motions to dismiss and to serve the remaining defendants.

**IT IS THEREFORE ORDERED** that plaintiff's claims against **all defendants** are hereby **dismissed** for failure to prosecute. A **judgement of dismissal** is entered herewith dismissing plaintiff's claims against **all defendants**. All named defendants are hereby **terminated** as parties.

**IT IS FURTHER ORDERED** that certain defendants' motions to dismiss (Dkt. ## 6, 26, 28, 31, 34, 36, 38, 40, 43, 47, 51, 55), defendant City of Tulsa's motion to strike (Dkt. # 68), defendant Eide Bailly LLP's motion for ruling (Dkt. # 69), and plaintiff's motion for writ of assistance, permanent injunction, cease & desist (Dkt. # 32) are **moot** in light of this Court's judgment of dismissal.

**DATED** this 7th day of April, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE